IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY N. BRUDNAK, | : | |
| Plaintiff | : | CIVIL ACTION |
| vs. | : | |
| | : | NO. |
| ALLENTOWN SCHOOL DISTRICT and | : | |
| MARIO TRACA, | : | JURY TRIAL DEMANDED |
| Defendants | : | |

# C O M P L A I N T

1.  The Plaintiff, Tammy N. Brudnak, is an adult individual residing at 1120 East Congress Street, Allentown, Lehigh County, Pennsylvania 18109 with a date of birth of January 20, 1986.

2.  The Defendant, Allentown School District ["School District"], is a municipal corporation organized under the laws of the Commonwealth of Pennsylvania with offices at 31 S. Penn Street, Allentown, Lehigh County, Pennsylvania 18101.

3.  The Defendant, Mario Traca, is an adult individual with offices in care of Dieruff High School, 815 N. Irving Street, Allentown, Lehigh County, Pennsylvania 18109 who at all times relevant was an agent, servant and/or employee of Defendant, School District acting within the scope of such employment relationship.

## JURISDICTION

4.  This Honorable Court has jurisdiction over this matter pursuant to 42 U.S.C. §1983, Title IX of the Education Amendments of 1972, as amended, 20 U.S.C.A. §1681 *et seq.* (Title IX), and the principles of ancillary and pendant jurisdiction.

1

## COUNT ONE
## (42 U.S.C. §1983)
## (Plaintiff Tammy N. Brudnak v. Defendant Mario Traca)

5.  The allegations of Paragraphs 1 through 4 inclusive are incorporated herein as if fully set forth at length.

6.  Plaintiff is a female born on January 28, 1986.

7.  Plaintiff attended Dieruff High School which is part of the School District from September 2000 until June of 2004.

8.  At all times herein relevant, Defendant Traca was a teacher at Dieruff High School and functioning as a state actor.

9.  During the Spring semester of Plaintiff's junior year, she was assigned to Defendant Traca's physical education class.

10.  At that time, Defendant Traca began a pattern and practice of intentional discrimination against Plaintiff based upon her gender.

11.  During Spring semester of 2003, Defendant Traca repeatedly asked Plaintiff to stay after school to keep time for the track team, and Defendant Traca would drive Plaintiff home.

12.  Plaintiff made excuses and always declined offers of rides home from Defendant Traca as Plaintiff was uncomfortable with his repeatedly asking her questions about her personal life including about boyfriends.

13.  During Spring of 2003, while Plaintiff was sitting down in her physical education shorts, Defendant Traca sat next to Plaintiff, began talking to her and placed his hand on Plaintiff's thigh.

14. During Spring of 2003, Defendant Traca told Plaintiff that she should come over to Defendant's house, and he could teach her CPR.

15. Sometime during Plaintiff's tenure in Defendant's classes, Defendant whispered into Plaintiff's ear that she would look even better with fewer clothes on and then winked at Plaintiff.

16. Sometime during Plaintiff's tenure in Defendant's classes, Defendant, Traca told Plaintiff that he could imagine what her mother looked like because Plaintiff looked "that good."

17. During Plaintiff's Senior year, beginning in September of 2003, Defendant Traca intentionally, purposefully selected Plaintiff for Defendant to mentor.

18. Generally, seniors at Defendant's high school select their own mentor, but Defendant Traca intentionally, purposefully selected Plaintiff as someone Defendant Traca hand chose to mentor without allowing then minor Plaintiff to select her own mentor.

19. During Fall semester (2003) of Plaintiff's senior year, Defendant assigned Plaintiff alone to a resource room, stood over her by placing both arms around the desk where she was seated hovering over her and told Plaintiff that he could take advantage of her and no one would ever know.

20. At the time aforesaid, while supposedly mentoring Plaintiff and helping her with her graduation presentation, Defendant Traca sat upon Plaintiff's lap.

21. At the time and place aforesaid, when Plaintiff told Defendant that she was serious about her graduation presentation, he replied that she "could pass for a little something".

22. At all times herein relevant, Plaintiff clearly conveyed to Defendant Traca that Defendant's offensive sexual innuendo, comments, suggestions and touchings were unsolicited, unwelcomed, highly offensive, intimidating, humiliating, threatening and were sexually harassing.

23. Defendant Traca's aforesaid intentional words and actions deprived Plaintiff of her constitutional rights to liberty and bodily integrity and of her rights under Federal law and the Equal Protection Clause to be free from invidious discrimination based upon gender, t and her constitutional right to be free from sexual harassment. for which Plaintiff seeks compensation.

24. As a direct and proximate result of Defendant Traca's intentional discrimination against Plaintiff, Plaintiff's school work, attendance, and grades suffered dramatically.

25. As a direct and proximate result of Defendant Traca's intentional discrimination against Plaintiff, Plaintiff suffered severe and permanent mental pain and suffering, anxiety, anguish, distress, stress, humiliation, intimidation, loss of reputation, and sleeplessness.

26. As a result of the interference with Plaintiff's academic performance, Plaintiff suffered a loss of earnings capacity for which she claims damages.

27. Defendant Traca's aforesaid actions were outrageous, egregious, intentional, willful, wanton, reckless and in deliberate disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff Tammy N. Brudnak demands judgment against Defendant, Mario Traca, in an amount to be determined, together with costs of suit and reasonable attorney fees.

## COUNT TWO
### (42 U.S.C. §1983)
### (Plaintiff, Tammy N. Brudnak v. Defendant Allentown School District)

28. The allegations of Paragraphs 1 through 27 inclusive are incorporated herein as if fully set forth at length.

29. The Defendant, Mario Traca, carried on an open, notorious and hostile flirtatious campaign in an attempt to obtain sexual favors from Plaintiff.

30. The campaign by the Defendant, Traca, was done in front of fellow teachers, and his inappropriate behavior was brought to the attention of the school administrator, and Defendant Allentown School District, had actual or constructive knowledge of the teacher's inappropriate behavior.

31. Neither the fellow teachers nor administration intervened to protect the then minor from the unwanted sexual advances of the teacher directed to the minor.

32. By way of custom and practice, the Defendant, Allentown School District, condoned and tolerated the sexual harassment of the Plaintiff by its teacher characterizing it as harmless flirting.

33. The Defendant, Allentown School District, either knew or should have known that the sexual attention by its teacher of a then minor student was unsolicited, unwelcome, highly offensive, intentionally humiliating, threatening and was sexually harassing.

34. The policy or practice of condoning as "harmless flirting" by the Defendant, Allentown School District, deprived Plaintiff of her constitutional right to liberty and bodily integrity and of her rights under Federal law and the Equal Protection Clause to be free from invidious discrimination based upon gender and her constitutional right to be free from sexual harassment for which Plaintiff seeks compensation.

35. As a direct and proximate result of Defendant, Allentown School District's intentional discrimination against Plaintiff, Plaintiff's school work, attendance, and grades suffered dramatically.

36. As a direct and proximate result of Defendant, Allentown School District's intentional discrimination against Plaintiff, Plaintiff suffered severe and permanent mental pain and suffering, anxiety, anguish, distress, stress, humiliation, intimidation, loss of reputation, and sleeplessness.

37. As a result of the interference with Plaintiff's academic performance, Plaintiff suffered a loss of earnings capacity for which she claims damages.

WHEREFORE, Plaintiff, Tammy N. Brudnak, demands judgment against Defendant, Allentown School District, in an amount to be determined together with costs of suit and reasonable attorney fees.

### COUNT THREE
### (20 U.S.C. §1681 et seq.)
### (Plaintiff Tammy N. Brudnak v. Defendant Allentown School District)

38. The allegations of Paragraphs 1 through 37 inclusive are incorporated herein as if fully set forth at length.

39. At all relevant times, Defendant School District received federal funding by promising and contracting not to engage in or condone sexual harassment/gender discrimination.

40. As set forth above, Plaintiff was subjected to sexual discrimination under an education program or activity receiving federal financial assistance in violation of 20 U.S.C. 1681(9).

41. The campaign by the Defendant, Traca, was done in front of fellow teachers, and his inappropriate behavior was brought to the attention of the school administrators, and Defendant, Allentown School District, had actual or constructive knowledge of the teacher's inappropriate behavior.

42. Two gym teachers, Mrs. Crutlenden and Mr. Walters, personally observed the open, notorious and hostile flirting by Defendant, Mario Traca, directed to the Plaintiff.

43. Both gym teachers knew or should have known that the written district policy required them to report the sexual harassment of a minor by a teacher to the administration, but they failed to intervene to protect the minor from unwanted sexual advances.

44. On or about December 22, 2003, Plaintiff, in the presence of her mother, advised Rosalee R. Sabo, Principal, of the sexual harassment, and Rosalee R. Sabo failed to take any disciplinary action against the Defendant, Mario Traca, under the *de facto* custom and practice of harmless flirting.

45. At all times herein relevant, Defendant's agent, servant and/or employee, Rosalee R. Sabo actually knew of the abuse of Plaintiff, and the power to end the abuse and failed to do so.

46. At all times herein relevant, Defendant School District had actual notice and/or knowledge of Defendant Traca's sexual harassment of Plaintiff because it was open, notorious and hostile, carried on in front of teachers and because of the meeting of December 22, 2003.

47. At all times herein relevant, Defendant School District's official agents, servants, and/or employees had authority to institute corrective measures on Defendant School District's behalf, and had actual notice and/or knowledge of Defendant Traca's sexual harassment of Plaintiff.

48. At all times herein relevant, despite actual notice by appropriate persons of Defendant School District, Defendant School District knowingly, purposefully acted with deliberate indifference to Defendant Traca's sexual harassment of Plaintiff, and Defendant School District failed to adequately respond.

49. As a direct and proximate result of the repeated sexual harassment of Plaintiff, and Defendant School District's deliberate indifference to Defendant Traca's illegal actions, Plaintiff has suffered severe and permanent mental pain and suffering, anxiety, anguish, distress, stress, humiliation, intimidation, loss of reputation and sleeplessness.

50. As a result of the interference with Plaintiff's academic performance, Plaintiff suffered a loss of earnings capacity for which she claims damages.

WHEREFORE, Plaintiff Tammy N. Brudnak demands a monetary judgment against Defendant, Allentown School District in an amount to be determined, together with costs of suit and reasonable attorney fees.

### COUNT FOUR
### (Willful Misconduct)
### (Plaintiff, Tammy N. Brudnak v. Defendant, Mario Traca)

51. The allegations of Paragraphs 1 through 50 inclusive are incorporated herein as if fully set forth at length.

52. Defendant Traca's aforestated words and actions constituted willful misconduct under 42 Pa. C.S.A. §8550.

53. The open, notorious and hostile sexual harassment of Plaintiff, a then minor student, was willful misconduct prohibited by the School District's written policy.

54. The inappropriate touching of the Plaintiff by the Defendant, Mario Traca, constituted a battery and was willful misconduct.

55. The multiple flirtatious comments by Defendant, Mario Traca, constituted an assault putting Plaintiff in fear of further touching and was willful misconduct.

56. The harassing incident wherein Defendant indicated to Plaintiff that he could do whatever he wanted to Plaintiff constituted an assault and was willful misconduct.

57. The placing of Plaintiff in his mentoring class and not letting Plaintiff select the mentor that she wanted so he could be alone with Plaintiff was false imprisonment and was willful misconduct.

58. The inappropriate touching, the inappropriate flirting, the threats of physically being able to do whatever the teacher wanted to do to the then minor student, the preventing the then minor student from selecting her own mentor so the

teacher could be alone with the student--the pattern of behavior indicates that the perpetrator knew that his conduct was wrong, and it was carried out with the intention of achieving its wrongful purpose.

59. As a direct and proximate result of Defendant Traca's aforesaid willful misconduct, Plaintiff suffered injuries and damages specified above and incorporated herein.

60. Defendant Traca's aforesaid actions were outrageous, egregious, intentional, willful, wanton, reckless and in deliberate disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff, Tammy N. Brudnak demands judgment against Defendant Mario Traca in an amount to be determined, together with costs of suit.

                                        ORLOSKI, HINGA, PANDALEON & ORLOSKI

_____
Richard J. Orloski
Attorney for Plaintiff
111 N. Cedar Crest Blvd.
Allentown, PA 18104-4602
610 433-2363
Attorney ID# 09857
RJO 2737