**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TAMMY N. BRUDNAK, | : | |
|     Plaintiff | : | CIVIL ACTION – LAW |
| | : | JURY TRIAL DEMANDED |
| vs. | : | |
| | : | HONORABLE JAMES KNOLL |
| ALLENTOWN SCHOOL DISTRICT and | : | GARDNER |
| MARIO TRACA, | : | |
|     Defendants | : | NO:    05-2159 |

**DEFENDANT, MARIO TRACA'S, BRIEF IN SUPPORT**
**OF MOTION FOR SUMMARY JUDGMENT**

**I.    STATEMENT OF FACTS:**

Plaintiff, Tammy Brudnak, was a student at Dieruff High School, Allentown School District, from September, 2000 through June of 2004. (See Plaintiff's Complaint, ¶7; Defendant's Answer, ¶7)  Defendant, Mario Traca, was a health and physical education teacher at Dieruff High School at all times relevant hereto. (See Plaintiff's Complaint, ¶8; Defendant's Answer ¶8) Plaintiff claims that Defendant intentionally discriminated against her and harassed her based upon her gender in violation of 42 U.S.C. §1983. (See Plaintiff's Complaint) Plaintiff further alleges that Defendant Traca's words and actions constitute willful misconduct in violation of 42 Pa. C.S.A. §8550. (See Plaintiff's Complaint)

In support of her allegations, Plaintiff claims that Defendant, Traca, repeatedly asked her to stay after school to keep time for the track team, offered her rides home, touched her leg, and asked her questions about her boyfriend. (See Plaintiff's Complaint)  Plaintiff always declined to keep time for the track team and never received a ride home from Defendant Traca. (N.T., T. Brudnak, p. 12) Although Plaintiff claims that the alleged inappropriate touching and personal questions were ongoing, Plaintiff never informed Defendant Traca that he was making her uncomfortable. (N.T., T. Brudnak, pp. 51, 52, 55, 56, 64)  In fact, Plaintiff never complained to

anyone including friends, family, and school administration during the two and a half years that she claims Defendant harassed her. (N.T. Brudnak, pp. 51, 52, 55, 56, 64)  The Allentown School District conducted an investigation following complaints by Ms. Brudnak's mother and did not take any disciplinary action against Mr. Traca. (N.T., R. Sabo, pp. 61, 62; 1/16/04 letter to Traca)  Defendant Traca specifically denies that he ever touched Plaintiff or spoke to her in an appropriate manner.  Ironically, while Plaintiff claims that most of these events occurred in a gymnasium where other students and teachers were present, Plaintiff has not identified a single witness to any of the events which she alleges.

## II. QUESTIONS PRESENTED:

> **Has Plaintiff failed to set forth sufficient facts to establish a Constitutional violation of equal protection which would entitle her to damages under 42 U.S.C. §1983?**
>
> **Suggested Answer:** *In the affirmative.*
>
> **Has Plaintiff failed to set forth sufficient facts to establish a Constitutional violation of her right to liberty and bodily integrity which would entitle her to damages under 42 U.S.C. §1983?**
>
> **Suggested Answer:** *In the affirmative.*

## III. LAW AND ARGUMENT:

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counter-claim or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for summary judgment in the party's favor as to all or any part thereof.  In ruling on Motion for Summary Judgment, the Court is required to determine if there are any issues of material fact which would allow the issue to go to trial.  Hamilton v. Leavy, 117 Fed. 3d 742, 746 (3rd Cir. 1997).  In reviewing the record, the Court must presume that the non-

moving party's version of any disputed fact is correct.  <u>Eastman Kodak Company v. Image Technical Services, Inc.</u>, 504 U.S. 451 (1995).

**B.   <u>Plaintiff's equal protection allegations against Defendant Traca do not rise to the level of a constitutional violation and, therefore, must be dismissed.</u>**

Plaintiff alleges that she was deprived of her right to equal protection under 42 U.S.C. §1983 "to be free from invidious discrimination based upon gender, and her constitutional right to be free from sexual harassment." (Complaint at ¶23.)  Plaintiff, however, has failed to produce any evidence whatsoever in support of her claim.  Plaintiff alleges that Defendant Traca repeatedly asked her to stay after school to keep time for the track team, offered her rides home, touched her leg, purposefully selected her to be a member of his mentoring group, and asked her questions about her boyfriend.  (See Plaintiff's Complaint, Count One)  Plaintiff does not allege that Defendant Traca treated her differently than other similarly situated students.  In fact, Defendant Traca has testified that he asked his entire physical education class if anyone would be interested in keeping time for the track team and that he would have offered a ride to any student in need.  (N.T. M. Traca, pp. 41, 42, 43)  Defendant does not recall ever touching Plaintiff's leg or asking her questions about her boyfriend.  (N.T. M. Traca, pp. 44, 45)  Further, Defendant Traca has testified that he volunteered to be a mentor to any student who was in need of a mentor and that Plaintiff, in fact, approached him and asked that he be her mentor.  (N.T. M. Traca, p. 39)

It is well-established that in order to sustain an equal protection claim, a Plaintiff must establish that "(1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." <u>Rubinovitz v. Rogato</u>, 60 F.3d 906, 909 (1st Cir. 1995); <u>Holman v.

3

City of Reading, 963 F. Supp. 485, 490 (E.D. Pa., 1997); Zahra v. Town of Southhold, 48 F.3d 674, 683 (2nd Cir. 1995).

Plaintiff must allege that she is a "member of a protected class, was similarly situated to members of an unprotected class, and was treated differently from the unprotected class" in order to sustain an equal protection claim. Wood v. Rendall, 1995 U.S. LEXIS 17052 (E.D. Pa., 1995). Plaintiff must further demonstrate that the treatment she received was, in fact, different from the treatment received by other similarly situated individuals. City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 87 L. Ed. 2d 313, 105 S. Ct. 3249 (1985); Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3rd Cir. 1990); Brown v. Borough of Mahaffey, 35 F.3d 846, 850 (3rd Cir. 1994) . Finally, Plaintiff "must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." Poli v. SEPTA, 1998 U.S. District LEXIS 9935 (E.D. Pa., 1998).

Given the lack of facts to support any theory of equal protection, the Plaintiff has not proven an equal protection claim. Where a Plaintiff relies upon "conclusory allegations, improbable inferences, and unsupported allegations" she has failed to meet her burden to sustain an equal protection claim. Dartmouth Review v. Dartmouth College, 889 F.2d 13, 19 (1st Cir. 1989), Krohn v. Harvard Law School, 552 F.2d 21, 25 (1st Cir. 1977) (Dismissing discrimination claim due to lack of factual allegations.)

**C. Plaintiff has failed to set forth sufficient facts to demonstrate a violation of her constitutional rights to liberty and bodily integrity under 42 U.S.C. §1983.**

Plaintiff alleges that she has been deprived of her constitutional rights to liberty and bodily integrity as a result of Defendant Traca's intentional words and actions. (Complaint at ¶23.) Plaintiff claims that on one (1) occasion Defendant Traca touched her leg and on another occasion Defendant leaned over (but did not touch) Plaintiff in a computer resource room. She

claims that during the computer room incident, Defendant whispered to her that he could take advantage of her and no one would ever know. (Complaint at ¶19) Further, Plaintiff alleges that Defendant Traca asked her questions regarding her boyfriend and made inappropriate comments to her of a sexual nature.

In order to sustain a claim for violation of a constitutional right to bodily integrity, a Plaintiff must produce evidence that the alleged conduct "shocks the conscious". Collins v. City of Harker Heights, 503 U.S. 115, 125-128, 117 L. Ed.2d 261, 112 S. Ct. 1061 (1992). Although Courts have held that a teacher's sexual molestation of a student is an intrusion of the school child's bodily integrity, Stone King v. Bradford Area School District, 882 F.2d 720, 726-727 (3rd Cir. 1989), Courts have also found lesser conduct than overtly sexual acts, such as rapes and molestations, sufficient to shock the conscious. Hinkley v. Baker, 122 F.Supp. 2nd 48 (D.Me., 2000). In Hinkley, an elementary teacher was accused of sexually harassing his student. The facts of Hinkley suggest that the teacher hugged and kissed the Plaintiff, placed his hand inside the front of the Plaintiff's shirt and felt the Plaintiff's bare chest, ordered the Plaintiff to rub his back, comb his hair and made the Plaintiff press her back and buttocks into his groin while sledding. Id. at 53-54. See, Wudtke v. Davel, 128 F.3d 1057, 1063 (7th Cir. 1997) (facts showing school superintendent forced teacher to perform fellatio supported substantive due process violation); Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443, 451-52 (5th Cir.) (15-year-old female student was deprived of substantive due process when sexually molested by her teacher), cert. denied, 513 U.S. 815 (1994).

The question of whether particular conduct shocks the conscience is "necessarily fact specific and unique to the particular circumstances in which the conduct occurred." Cruz-Erazo v. Rivera-Montanez, 212 F.3d 617 at 623 (E.D. P.R. 2000). An action shocks the conscience

5

when it is "arbitrary and capricious," "runs counter to the concept of ordered liberty," or appears, in context, "shocking or violative of universal standards of decency. Id., at 622 (citing Amsden v. Moran, 904 F.2d 748, 753-54 (1st Cir. 1990)). In fact, Courts have most often found conscious shocking behavior in situations where students were subjected to physical sexual abuse or excessive punishment. Neal v. Fulton County Board of Education, 229 F.3d 1069, 1077 (11th Cir. 2000). In Neal, the Court found a substantive due process violation where a coach, punishing a football player, intentionally hit the player in the head with a metal lock and knocked out his eye. However, in Abeyta v. Chamma Valley Independent School District, 77 F.3d 1253, 1258 (10th Cir. 1996), the Court determined that a teacher who repeatedly called a female sixth grade student a prostitute for a month and a half and encouraged the other students to harass her did not violate her substantive due process rights. In Lillard v. Shelby County Board of Education, 76 F.3d 716 (6th Cir. 1996), the Court held that a slap across a student's face did not rise to the level of conscience-shocking behavior. The Lillard Court noted that

> It is simply inconceivable that a single slap could shock the conscience. We do not quarrel with the suggestion that [the teacher's] actions were careless and unwise; but they fall short of 'brutal,' or 'inhumane,' or any of the other adjectives employed to describe an act to vicious as to constitute a violation of substantive due process….Moreover, the slap did not result in any physical injury to Lillard. While we do not mean to suggest that school systems should tolerate a teacher who slaps a student in anger, neither do we conclude that one slap, even if made for no legitimate purpose, rises to the level of a constitutional violation. While [the teacher] should reasonably expect to face serious consequences for his treatment of Lillard, those consequences should not be found in a federal court through the mechanism of a section 1983 action.

76 F.3d at 726.

To present a viable substantive due process claim based upon both physical and non-physical types of harassment (including verbal abuse), a plaintiff must allege more than the

6

commission of an ordinary common law tort such as assault.  Abeyta v. Chama Valley Independent School District, 77 F.3d 1253, 1257 (10th Cir. 1996); Brown ex rel. Brown v. Ramsey, 121 F. Supp. 2d 911, 921 (E.D. Va. 2000), aff'd mem., ____F.3d _____, 2001 U.S. App. LEXIS 10479, 2001 WL 536738 (4th Cir. May 21, 2001); Jones v. Witinski, 931 F. Supp. 364, 369 (M.D. Pa. 1996).

    Not every inappropriate or unwanted touching by a public official, even if accompanied by vulgar comments of a sexual nature, can amount to the "brutal and inhumane abuse of official power" necessary to demonstrate a violation of an individual's bodily integrity sufficient to support a constitutional violation. Moran v. Clarke, 296 F.3d 638, 647 (8th Cir. 2002).  The applicable test is whether the defendant's conduct "shocks the conscience." County of Sacramento v. Lewis, 523 U.S. 833, 140 L. Ed. 2d 1043, 118 S. Ct. 1708 (1998); Fagan v. City of Vineland, 22 F.3d 1296, 1303 (3d Cir. 1994) (en banc);  Collins v. City of Harker Heights, 503 U.S. 115, 125-128, 117 L. Ed.2d 261, 112 S. Ct. 1061 (1992).  The conduct in question "must do more than 'offend some fastidious squeamishness or private sentimentalism . . . .'" Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033, 38 L. Ed. 2d 324, 94 S. Ct. 462 (1973).   In Brown v. Johnson, 710 F. Supp. 183 (E.D.Ky. 1989), a nine (9) year old student alleged that she was spanked with a paddle seven (7) times on three (3) separate occasions for a period of over thirty (30) minutes.  The student sustained severe bruising as a result of the spanking.  The court granted the defendant's motion for summary judgment and held that neither the punishment nor the injuries sustained as a result thereof shocked the conscience of the court.  Id., at 186.  Likewise, courts have held that pricking a student in the arm with a straight pin does not rise to the level of a constitutional violation.  Brooks v. School Board of Richmond, 569 F. Supp. 1534, at 1535 (E.D.Va. 1993).

In Jones v. Clinton, 974 F. Supp. 712, 1997 U.S. Dist. LEXIS 1294 (1992), subsequent history omitted, *aff'd in part, denied in part, on other grounds*, United States v. Jones, 62 F.3d 391, 1995 U.S. App. LEXIS 21105 (5th Cir. 1995), the United States District Court in Arkansas considered the allegations made by Paula Jones against former President William Jefferson Clinton. Jones, a state employee, alleged that Clinton, while Governor, harassed her and she brought a suit under 42 U.S.C. § 1983. She alleged that Clinton arranged for her to meet with him in a hotel room. As they talked, Clinton "pulled her toward him, so that their bodies were in close proximity." Id., 974 F. Supp. at 716. As she retreated, he "approached her again and, while saying, 'I love the way your hair flows down your back' and 'I love your curves,' put his hand on her leg, started sliding it toward the hem of her culottes, and bent down to attempt to kiss her on the neck. He then "lowered his trousers and underwear exposing his erect penis and asked [her] to kiss it." Id. The Court found that the allegations did not establish an actionable claim for substantive due process.

In the case at hand, Plaintiff alleges that Defendant touched her leg on one occasion, leaned over her shoulders in a computer resource room and stated "I could do anything to you and no one would know." Accepting all of Plaintiff's allegations as true, the statements and incidents which occurred in the presence of others, while potentially inappropriate, are not of the outrageous and shocking character that is required for a substantive due process violation. Plaintiff has not sought counseling nor has she seen any type of physician as a result of Defendant's alleged conduct. (N.T. T. Brudnak, pp. 53, 55) Essentially, the Plaintiff alleges that Traca engaged in verbally threatening and harassing behavior on a few occasions. None of Plaintiff's allegations against Defendant Traca rises to the conscience-shocking level. Other circuits have refused to find constitutional violations where there is no severe physical contact.

The threshold for alleging substantive due process claims arising out of words or verbal harassment is very high since it must constitute "conscious shocking" behavior.  See, <u>Brown v. Hot, Sexy and Safer Productions, Inc.</u>, 68 F.3d 525,  1995 U.S. App. LEXIS 29785 (1995); <u>White v. Rochford,</u> 592 F.2d 381 (7th Cir. 1979).   There are no allegations of sexual assault or molestation.  As such, Defendant Traca is entitled to judgment as a matter of law.

If this Court finds that such conduct is sufficient to establish a claim for violation of substantive due process rights, Defendant Traca is entitled to a defense of qualified immunity.  Clearly, after reviewing the case law, it is clear that while the conduct alleged may be inappropriate, it does not rise to the level of a constitutional violation.  Government officials performing administrative or investigatory functions may be entitled to a qualified immunity.  <u>Thompson v. Burke</u>, 556 F. 2d 231, 240 (3d Cir. 1977).

Under the <u>Harlow v. Fitzgerald</u> standard, a governmental official sued in his individual capacity is entitled to qualified immunity in any of three circumstances:  (1) if the conduct attributed to him is not prohibited by federal law; (2) where the conduct is prohibited by federal law, the Plaintiff's right not to be subjected to such conduct by defendant was not clearly established at the time of the conduct; or (3) if the defendant's action was "objectively, legally reasonable…in light of the legal rules that were clearly established at the time it was taken". <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 819 (1981); <u>Andersen v. Creighton</u>, 483 U.S. 635 (1987). These three issues should be approached in sequence, or if the second is resolved favorable to the official, the third becomes moot; a favorable resolution of the first moots the second and the third. The general rule of qualified immunity is intended to provide government officials with the ability to reasonably anticipate when their conduct may give rise to liability for damages.  Where the right was clearly established at the time, the Court must address whether an objectively

reasonable person in the position of any of the Defendants would have known that his or her conduct was violative of such constitutional rights.

As stated previously, Plaintiff has not established any facts to support her claim that the actions of Traca were taken because of Plaintiff's gender. If this Court stretches the claims made by Plaintiff into a viable suit under §1983, it must find that Mr. Traca is immune from liability.

### IV.    CONCLUSION

For the reasons stated herein, and the reasons set forth in Defendant Traca's Motion for Summary Judgment, Defendant Traca respectfully requests that this Court grant his Motion for Summary Judgment and enter judgment in his favor and against Plaintiff.

    Respectfully submitted,

    MARSHALL, DENNEHEY, WARNER,
    COLEMAN & GOGGIN


By:/s/ Robin B. Snyder, Esquire
    Robin B. Snyder, Esquire
    Attorney I.D. No: PA 71562
    The Scranton Center, Suite 400
    401 Adams Avenue
    Scranton, PA  18510
    (570) 496-4600

## **CERTIFICATE OF SERVICE**

I, Robin B. Snyder, Esquire, do hereby certify that a true and correct copy of the foregoing Brief in Support of Motion for Summary Judgment was served upon all parties by electronic filing on the 24th day of April, 2006 at the following addresses:

Richard J. Orloski, Esquire
Orloski, Hinga, Pandaleon & Orloski
111 N. Cedar Crest Blvd.
Allentown, PA  18104-4602

John E. Freund, III, Esquire
King, Spry, Herman, Freund & Faul, LLC
One West Broad St.
Suite 700
Bethlehem, PA  18018

    Respectfully submitted,

    MARSHALL, DENNEHEY, WARNER,
    COLEMAN & GOGGIN


    By:/s/ Robin B. Snyder, Esquire
        Robin B. Snyder, Esquire
        Attorney I.D. No:  PA 71562
        The Scranton Center, Suite 400
        401 Adams Avenue
        Scranton, PA  18510
        (570) 496-4600

\10_A\LIAB\AYJANUSKI\LLPG\645860\LMFRISBIE\19024\00150