IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY N. BRUDNAK, | ) |
| | ) Civil Action |
| Plaintiff | ) No. 05-CV-02159 |
| | ) |
| vs. | ) |
| | ) |
| ALLENTOWN SCHOOL DISTRICT and | ) |
| MARIO TRACA, | ) |
| | ) |
| Defendants | ) |

O R D E R

NOW, this 24th day of August, 2006, upon consideration of the Motion for Enlargement of Time to Extend Dispositive Motion Deadlines by Defendant, Mario Traca, which motion was filed on April 17, 2006 and is unopposed; upon consideration of the Motion for Enlargement of Time to Respond to Defendants' Motions for Summary Judgment, which motion was filed on April 19, 2006; it appearing that neither defendant responded to plaintiff's motion for an enlargement of time to respond to defendants' motions for summary judgment; upon consideration of Defendant, Mario Traca's, Motion for Summary Judgment, which motion was filed on April 24, 2006[1]; upon consideration of

---

1   In considering a motion for summary judgment, the court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  See also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-2510, 91 L.Ed.2d 202, 211 (1986); Federal Home Loan Mortgage Corporation v. Scottsdale Insurance Company, 316 F.3d 431, 443 (3d Cir. 2003).  Only facts that may affect the outcome of a case are "material".  Moreover, all reasonable inferences from the record are drawn in favor of the non-movant. Anderson, 477 U.S. at 255, 106 S.Ct. at 2513, 91 L.Ed.2d at 216.

(Footnote 1 continued):

Plaintiff Tammy Brudnak's Brief in Opposition to Defendant Mario Traca's Motion for Summary Judgment, which brief was filed on May 22, 2006, and upon consideration of the briefs of the parties,[2]

    IT IS ORDERED that the Motion for Enlargement of Time to Extend Dispositive Motion Deadlines by Defendant, Mario Traca, is granted as unopposed.

---

(Continuation of footnote 1):

    Although the movant has the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant must then establish the existence of each element on which it bears the burden of proof. See Watson v. Eastman Kodak Company, 235 F.3d 851, 857-858 (3d Cir. 2000). A plaintiff cannot avert summary judgment with speculation or by resting on the allegations in her pleadings, but rather must present competent evidence from which a jury could reasonably find in her favor. Ridgewood Board of Education v. N.E. for M.E., 172 F.3d 238, 252 (3d Cir. 1999); Woods v. Bentsen, 889 F.Supp. 179, 184 (E.D.Pa. 1995).  Lastly, we note that, when the outcome of a case will depend upon credibility determinations, summary judgment is inappropriate. Coolspring Stone Supply, Inc. v. American States Life Insurance Company, 10 F.3d 144, 148 (3d Cir. 1993).

    2    On May 5, 2005, plaintiff Tammy N. Brudnak commenced this action by filing her four-count Complaint.  Counts One and Two allege violations of rights secured by the United States Constitution and enforceable through 42 U.S.C. § 1983.  Count One is a claim by Miss Brudnak against defendant Mario Traca.  Count Two is a claim by Miss Brudnak against defendant Allentown School District.  Count Three is a claim by Miss Brudnak against Allentown School District for violations of 20 U.S.C. § 1681.  Finally, Count Four is a claim against Mario Traca for willful misconduct.  It is not entirely clear what Count Four is alleging.  It contains elements of a pendent state claim for the tort of battery under Pennsylvania law (paragraph 54).  It contains a claim for punitive damages (paragraph 60).  And it raises the statutory exception (42 Pa.C.S.A. § 8550) to the defense of governmental immunity under Pennsylvania law (paragraph 52).  (Pennsylvania' Political Subdivision Tort Claim Act withdraws the immunity afforded to a governmental employee if the actions alleged were performed willfully. Irvin v. Borough of Darby, 937 F.Supp. 446 (E.D.Pa. 1996)).

    A brief summary of the allegations in Miss Brudnak's Complaint is as follows.  Miss Brudnak attended Dieruff High School where Mr. Traca was a teacher.  During Miss Brudnak's junior and senior years, Mr. Traca sexually harassed her.  The administration of Dieruff High School was aware of Mr. Traca's behavior, but was indifferent.

  <u>IT IS ORDERED</u> that Defendant, Mario Traca's, Motion for Summary Judgment is deemed timely filed.

  <u>IT IS FURTHER ORDERED</u> that the Motion for Enlargement of Time to Respond to Defendants' Motions for Summary Judgment is granted as unopposed.[3]

  <u>IT IS FURTHER ORDERED</u> that plaintiff's response to defendant Traca's motion for summary judgment, which response was filed May 22, 2006, shall be deemed to have been timely filed.

  <u>IT IS FURTHER ORDERED</u> that Defendant, Mario Traca's, Motion for Summary Judgment is denied.[4]

      BY THE COURT:

      /s/ James Knoll Gardner
      James Knoll Gardner
      United States District Judge

---

[3] Rule 7.1(c) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania provides in pertinent part that "any party opposing [a] motion shall serve a brief in opposition, together with such answer or other response which may be appropriate, within fourteen (14) days after service of the motion and supporting brief.  In the absence of timely response, the motion may be granted as uncontested...."  If a motion is served by mail, respondent is entitled to three additional days to serve his or her answer. <u>See</u> Fed.R.Civ.P. 6(e).

  Plaintiff filed her motion for an enlargement of time on April 19, 2006.  The Certificate of Service attached to the motion indicates that on April 19, 2006 defendant Traca was served, through his attorney, Robin Snyder, Esquire, with the motion to dismiss by first-class mail. Thus, defendant's response was required to be filed by May 8, 2006, which is the first business day after fourteen days pursuant to Local Rule 7.1(c) plus three additional days pursuant to Federal Rule of Civil Procedure 6(e).  As of the date of the within Order, defendant Traca has not responded to the motion.  Therefore, we grant the motion as unopposed.

[4] Defendant Traca in his motion for summary judgment seeks to dismiss Count One only of plaintiff's Complaint and seeks to preclude punitive

(<u>Footnote 4 continued</u>):

---

(Continuation of footnote 4):

damages under § 1983.  In seeking to dismiss Count One only, defendant Traca does not address any issues of state law.

Defendant Traca makes three arguments for summary judgment on Count One.  Those arguments are as follows.  Defendant Traca's first argument is that plaintiff has not stated a violation of the Equal Protection Clause of the Constitution of the United States because plaintiff has not alleged that she was treated differently from similarly situated individuals because of her gender.  Defendant Traca further argues that although plaintiff may have been harassed, harassment of individual is not treatment directed towards a protected class.

Defendant Traca's second argument is that plaintiff has not alleged a constitutional violation because she has not alleged facts sufficient to demonstrate a violation of her constitutional rights of liberty and bodily integrity.  Specifically, defendant Traca alleges that plaintiff must allege conduct on the part of the defendant that "shocks the conscience".  Defendant Traca contents that although the inquiry as to whether conduct shocks the conscience is a "fact sensitive inquiry", the facts alleged by plaintiff do not rise to that level.  In particular, defendant Traca asserts that plaintiff has alleged only that he "touched her leg on one occasion, leaned over her shoulders in a computer resource room and stated 'I could do anything to you and no one would know'", and that this alleged conduct does not shock the conscience.

Defendant Traca's third argument is that even if his conduct as alleged by plaintiff shocks the conscience, defendant is entitled to qualified immunity because the conduct does not "rise to the level of a constitutional violation."

Regarding defendant's assertion that plaintiff is not entitled to punitive damages, defendant has not cited any legal authority.  We therefore deny the request for failure to brief the issue.  Rule 7.1(c) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania ("Local Rules") provides in pertinent part: "Every motion not certified as uncontested, or not governed by Local Rule 26.1(g), shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion."  A party is required to cite legal authority to support the contentions raised in his motion.  See Copenhaver v. Borough of Bernville, No. Civ.A. 02-8398, 2003 U.S. Dist. LEXIS 1315 (E.D.Pa. Jan. 9, 2003)(Rufe, J.)

Plaintiff responds to defendant Traca's arguments to dismiss Count One by first asserting that an individual has the right to be free from purposeful sex discrimination by state actors and that an official's abuse of authority for purposes of his own sexual gratification violates the Equal Protection Clause.

Plaintiff further argues that defendant's second argument fails because defendant's conduct does shock the conscience.  In addition, plaintiff argues that the record reflects that defendant Traca's conduct included the

(Footnote 4 continued):

-4-

---

(<u>Continuation of footnote 4</u>):

following: defendant continually "hounded" plaintiff to join his track team; he asked her personal questions about her life and whether she had a boyfriend; defendant placed his hand on her bare thigh; defendant told her that "I can imagine what your mother looks like if you look that good"; defendant told plaintiff that he could teach her CPR at his house; defendant whispered in plaintiff's ear that she would look better with less clothes on; defendant forced plaintiff to have him as her teacher mentor although plaintiff should have been able to choose her teacher mentor; and defendant sat on plaintiff's lap and said she could pass defendant's class for a little "something-something", which implied sexual favors.

       Regarding defendant's third argument for qualified immunity, plaintiff argues her right to be free from an invasion of personal security is clearly established.

       A review of the record in this matter, in the light most favorable to plaintiff as the non-moving party, as required by Rule 56 of the Federal Rules of Civil Procedure, reveals that there are disputes concerning material issues of fact which preclude entry of summary judgment on behalf of defendant Traca.  These disputes include, but are not limited to: (1) whether defendant Traca treated plaintiff Brudnak different than similarly situated individuals on account of her gender; (2) whether defendant Traca offered to give plaintiff Brudnak's a passing grade in exchange for sexual favors; and (3) whether defendant Traca precluded plaintiff from choosing her own mentor and whether any such preclusion amounted to an invasion of plaintiff's personal liberty interests.  There are competing explanations of the events surrounding the foregoing issues which require credibility determinations by a jury.  All of these issues are material disputes concerning plaintiffs' claims, which preclude the grant of summary judgment.